IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| vs. | ) | Criminal No. 2:22-993-RMG |
| | ) | |
| Jonathan Ramaci, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |
| _____ | ) | |

  This matter comes before the Court on Defendant's motion of March 26, 2027 to continue his trial presently scheduled to begin on June 10, 2024. (Dkt. No. 103). Defendant asserted in his motion that he had received 12,500 pages of discovery on February 9, 2024 and March 18, 2024, and additional time was necessary to allow the Defendant, counsel and defense experts to prepare for trial. (*Id*. at 2). The Court conducted a hearing on the motion on March 27, 2024 and fully reviewed with counsel the substance of the recently produced and previously produced discovery.

  By way of background, Defendant was indicted on December 7, 2022, with three counts of wire fraud. Count One alleged a scheme to defraud investors in Defendant's company Elements of Genuis and his alleged diversion of company funds for his personal use. Counts Two and Three alleged a scheme to defraud the Small Business Administration in applications to obtain forgivable loans under the Paycheck Protection Program ("PPP") and loans under the Economic Injury Disaster Loan ("EIDL") program, both COVID-19 related relief programs. (Dkt. No. 1). The present legal defense team were substituted as counsel on June 26, 2023, and

1

the Defendant was granted continuances on August 22, 2023 and December 18, 2023 to allow newly appointed counsel an adequate time to prepare.

The Court conducted a status conference with counsel on January 5, 2024. The Government informed the Court that it intended to present a superseding indictment to the Federal Grand Jury and to add counts related to alleged tax law and money laundering violations arising out of the previously indicted conduct. Defendant again asked for a continuance to allow adequate time for trial preparation. The federal grand jury issued a superseding indictment on January 10, 2024. The Court continued the case until May 28, 2024 and set a day certain trial date for that day. On January 19, 2024, the Court moved the trial to June 10, 2024, to resolve a conflict on the Court's docket. Prior to the movement of the trial date from May 28, 2024 to June 10, 2024, all counsel confirmed to the Court that a June 10, 2024 trial date worked with their calendars.

The Court was advised by the Government at the March 27, 2024 hearing that it produced to Defendant three volumes of discovery on January 11, 2024. Volumes I and II were duplicates of the discovery previously produced by the Government. Volume III contained 3,358 pages of new discovery, consisting of Defendant's prior tax filings and summaries of interviews conducted by IRS agents. On February 9, 2024, the Government produced Volume IV of discovery consisting of approximately 9,500 documents. This discovery included 4,000 pages related to a forensic analysis by the FBI with attachments from Defendant's financial records, which had already been produced to Defendant. This batch of discovery also included filings by Defendant in a Massachusetts family court proceeding and a 2017 loan application. On March 18, 2024, the Government produced, at defense counsel's request, IRS interview documents that were previously incorporated into FBI reports that had earlier been produced to Defendant.

More recently, the Government learned that one of its witnesses had discovered additional 50 emails with attachments and produced these documents to Defendant. The Government indicated that the witness was searching to confirm all emails had been produced and anticipated any final emails that might be discovered would be produced within the week.

After carefully reviewing the discovery issues with counsel at the hearing on March 27, 2024, the Court has determined that the great majority of documents produced on January 11, 2024 and February 9, 2024 were either duplicates of previously produced discovery and/or Defendant's personal and business records. The bulk of these documents have been in defense counsel's possession since no later than February 9, 2024, four months before trial. Further, the basic factual background which constitutes the charges against Defendant was set forth in the December 7, 2022 indictment, with the January 10, 2024 superseding indictment setting forth these allegations more specifically while adding related tax and money laundering counts.

The Court has granted the present defense team three continuances since they came on board on June 26, 2023, the last on January 5, 2024 which resulted in a continuance of the trial until June 10, 2024. After a full review of this matter, the Court is fully satisfied that Defendant's defense team, who are experienced criminal defense attorneys, will have adequate time to prepare for trial. Consequently, Defendant's motion for a continuance (Dkt. No. 103) is **DENIED**.

**AND IT IS SO ORDERED**.

      s/Richard M. Gergel  
      Richard Mark Gergel  
      United States District Court

Charleston, South Carolina  
March 27, 2024