```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF SOUTH CAROLINA
                    CHARLESTON DIVISION


UNITED STATES OF AMERICA,      )
                               )      April 25, 2024
                               )
        -versus-               )      Charleston, SC
                               )
JONATHAN RAMACI,               )      2:22-993-1
                               )
            Defendant.         )


               TRANSCRIPT OF CHANGE OF PLEA

          BEFORE THE HONORABLE RICHARD M. GERGEL
           UNITED STATES DISTRICT JUDGE, presiding


A P P E A R A N C E S:

For the Government:   AMY F. BOWER, AUSA
                      US Attorney's Office
                      151 Meeting Street, Suite 200
                      Charleston, SC 29401


For the Defendant:    JOSEPH P. GRIFFITH, JR., ESQ.
                      Joe Griffith Law Firm LLC
                      946 Johnnie Dodds Boulevard
                      Mt. Pleasant, SC 29464

                      JERRY  N. THEOS, ESQ.
                      E. GORDON HAY, VI, ESQ.
                      Theos Law Firm LLC
                      11 State Street
                      Charleston, SC 29401


Court Reporter:       KAREN E. MARTIN, RMR, CRR
                      PO Box 835
                      Charleston, SC 29402


     Proceedings reported by stenographic court reporter.
     Transcript produced with computer-aided transcription
                          software.
```

1                    Thursday, April 25, 2024

2         (WHEREUPON, court was called to order at 1:32 PM.)

3              THE COURT:  Good afternoon.  Please be seated.

4              Ms. Bower, ready to call your next case?

5              MS. BOWER:  Yes, sir.  We're here in Case

6    No. 2:22-CR-993, The United States of America vs. Jonathan

7    Ramaci for a change of plea hearing.

8              THE COURT:  Very good.  Who among these esteemed

9    counsel will be speaking today?

10             MR. GRIFFITH:  I get the pleasure, Your Honor.

11             THE COURT:  Good to see you, Mr. Griffith.

12             MR. GRIFFITH:  Good to see you.

13             THE COURT:  Mr. Griffith, I want to confirm your

14   client wishes to change his plea from a plea of not guilty

15   to a plea of guilty pursuant to a plea agreement; is that

16   correct?

17             MR. GRIFFITH:  He does, Your Honor.

18             THE COURT:  Very good.  Mr. Griffith, if you

19   could approach, I want the defendant to confirm that is

20   his signature on the plea agreement.

21             THE DEFENDANT:  That is my signature, Your

22   Honor.

23             THE COURT:  Thank you.

24             Could we swear the defendant, please?

25             THE CLERK:  Please stand and raise your right

1    hand.

2        (WHEREUPON, the defendant was sworn.)

3            **THE DEFENDANT:**  I do.

4            **THE COURT:**  Mr. Ramaci, I want to confirm, sir,

5    you wish to change your plea from a plea of not guilty to

6    a plea of guilty today pursuant to a plea agreement; is

7    that correct?

8            **THE DEFENDANT:**  Yes, Your Honor.

9            **THE COURT:**  Very good.  Before I can accept your

10   plea, I need to ask you some questions to make sure you

11   understand your rights, you understand the consequences of

12   the plea, and there is a factual basis to support your

13   plea of guilty.  If I ask you a question today that you

14   don't understand, would you ask me to rephrase it?

15           **THE DEFENDANT:**  Yes, Your Honor.

16           **THE COURT:**  And if I ask you a question in which

17   you would like to consult with your fine counsel there, if

18   you'll let me know that, I'll provide you the opportunity

19   to speak privately with them.  Okay?

20           **THE DEFENDANT:**  Yes, sir.

21           **THE COURT:**  Now we just started this process off

22   with you taking an oath to tell the truth, correct?

23           **THE DEFENDANT:**  Yes, Your Honor.

24           **THE COURT:**  And that requires you to answer my

25   questions honestly, correct?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  And if you were not to answer a

3    question honestly, you could face further prosecution for

4    perjury or making a false statement.  Do you understand

5    that?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Very good.  Now, Mr. Ramaci, how old

8    are you, sir?

9          THE DEFENDANT:  59 years old, Your Honor.

10          THE COURT:  How far did you go in school?

11          THE DEFENDANT:  I did bachelors degree and some

12    post-graduate work, Your Honor.

13          THE COURT:  Are you currently under the

14    influence of any drug, medication, or alcoholic beverage?

15          THE DEFENDANT:  No, Your Honor.

16          THE COURT:  Have you ever been treated for

17    mental illness?

18          THE DEFENDANT:  PT --

19          MR. GRIFFITH:  Your Honor, the answer to that is

20    yes, but we would prefer not to make that a part of the

21    public record if we can avoid that.

22          THE COURT:  Here's the problem.  I've got to

23    make a determination of the defendant's competence.

24          MR. GRIFFITH:  Right.

25          THE COURT:  And so I'm not trying to embarrass

1   him, but it's a standard question I always ask.  And then

2   the next question I would ask --

3         (WHEREUPON, the defendant and attorney spoke

4         privately.)

5             THE DEFENDANT:  I've been diagnosed with PTSD,

6   Your Honor.

7             THE COURT:  Does the fact you have that

8   condition, Mr. Ramaci, affect your ability to understand

9   the proceedings here today?

10             THE DEFENDANT:  No, Your Honor, it does not

11   affect my ability to understand.

12             THE COURT:  And if at any time for any reason

13   you didn't understand what was going on, you would let me

14   know that, wouldn't you?

15             THE DEFENDANT:  Yes, Your Honor.

16             THE COURT:  Good.  Have you ever been treated

17   for addiction to alcohol or narcotic drugs?

18             THE DEFENDANT:  No, Your Honor.

19             THE COURT:  Mr. Griffith, do you have any doubt

20   as to the defendant's competence to plead?

21             MR. GRIFFITH:  No, I don't, Your Honor.

22             THE COURT:  The Government?

23             MS. BOWER:  None, Your Honor.

24             THE COURT:  I do find that the defendant is

25   competent to plead to these charges.

1          Now, Mr. Ramaci, I want to confirm you've had an

2    ample opportunity to discuss this case with your

3    attorneys?

4          THE DEFENDANT:  That is correct, Your Honor.

5          THE COURT:  Are you satisfied with their

6    representation?

7          THE DEFENDANT:  Yes, I am, Your Honor.

8          THE COURT:  Have they done everything you've

9    asked them to do?

10          THE DEFENDANT:  Yes, they have, Your Honor.

11          THE COURT:  Is there anything else you want them

12    to do before we proceed with your guilty plea this

13    afternoon?

14          THE DEFENDANT:  No, Your Honor.

15          THE COURT:  Let's talk a little bit about your

16    legal rights, because making a decision to plead guilty is

17    a significant personal decision on your part.  So the

18    basics.  Do you understand that under the constitution and

19    laws of the United States, you have the right to plead not

20    guilty?  Do you understand that?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  And do you also understand if you

23    plead not guilty, you have a right to a trial by jury?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  If you decided to plead not guilty

1    and request a jury trial, let me highlight some of the

2    more important legal rights you would have.  You would

3    have the right to assistance of counsel at every stage of

4    the criminal proceeding.  You would be presumed innocent.

5    The Government would have to come into court and prove you

6    guilty beyond a reasonable doubt.  You would not have to

7    prove that you were innocent.

8            The witnesses for the Government would have to

9    come to court and testify in your presence.  And your

10   attorney could cross-examine the witnesses for the

11   Government, object to evidence offered by the Government,

12   and offer other evidence on your behalf.

13           While you'd have a right to testify if you chose

14   to do so, you'd also have the right to silence; that is,

15   not to testify.  And if you elected to do that, I would

16   instruct the jury that no inference or suggestion of guilt

17   could be drawn from the fact that you had not testified.

18   You would also have the right to issue subpoenas to compel

19   the attendance of witnesses or the production of documents

20   in your defense.

21           Now, Mr. Ramaci, do you understand these rights

22   as I have just outlined them to you, sir?

23           **THE DEFENDANT:**  Yes, Your Honor.

24           **THE COURT:**  Do you understand that if you plead

25   guilty, you will have to give up your right to a jury

1    trial and those other rights I have just listed for you.

2    There will be no trial and I will sentence you on the

3    basis of your guilty plea?  Do you understand that, sir?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  Do you understand that if you plead

6    guilty, you have to give up your right not to incriminate

7    yourself since I will need to ask you questions to satisfy

8    myself that there's a factual basis for your guilty plea

9    and you will have to acknowledge to me your guilt?  Do you

10   understand that, sir?

11             THE DEFENDANT:  Yes, Your Honor

12             THE COURT:  Do you understand that if you plead

13   guilty, you may be required to make restitution to the

14   victims of your acts either by the payment of money or in

15   personal services as may be directed by this Court?  Do

16   you understand that?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  Do you understand that if you plead

19   guilty, I can order you to forfeit certain property to the

20   Government?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  Do you understand that if you plead

23   guilty, I am obligated to impose a special assessment,

24   which in this case is $200.  Do you understand that, sir?

25             THE DEFENDANT:  Yes, Your Honor.

1      THE COURT:  Do you understand that since the

2    offense you are pleading is a felony conviction, that if

3    your plea is accepted, you may be deprived of valuable

4    civil rights, such as the right to vote, hold public

5    office, serve on a jury, or possess a firearm of any type?

6    Do you understand that, sir?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  Now that I've discussed your rights

9    with you, Mr. Ramaci, do you still wish to plead guilty?

10          THE DEFENDANT:  I do, Your Honor.

11          THE COURT:  Now, have you received a copy of the

12    indictment, which is the written charge against you?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  And I'm going to highlight to you

15    the two counts to which you are pleading, which is Count 8

16    of the indictment, of the superseding indictment and

17    Count 17.  So let me go to those first, and put those in

18    front of your client so we'll just walk through them

19    together.

20          Count 8 is titled wire fraud and it alleges a

21    scheme to defraud the United States.  And it sets forth

22    detailed allegations of defrauding the Small Business

23    Administration in regard to certain COVID related loans.

24          And specifically, Count 8 alleges that on

25    June 2, 2020, in the District of South Carolina, that for

1    the purpose of executing the scheme or artifice described

2    in the indictment, that you made certain fraudulent,

3    materially false representations regarding an EIDL loan

4    submitted to the Small Business Administration, and you

5    received a wire of $149,900 from the United States

6    Treasury.  Do you feel like you understand that charge?

7              THE DEFENDANT:  Yes, I do, Your Honor.

8              THE COURT:  And then Count 17 is part of several

9    allegations -- several charged counts related to filing a

10   false income tax return.

11             And specifically, Count 17 alleges that in

12   2021 -- for the 2021 return, you submitted a tax return on

13   March 2, 2022, which made materially false statements.

14   And it sets forth certain statements on gross receipts,

15   business income, other income, and on total income.

16   Again, do you feel like you understand that charge against

17   you?

18             THE DEFENDANT:  Yes, I do, Your Honor.

19             THE COURT:  Let me set forth what the Government

20   would have to prove to establish your guilt.  First, that

21   in regard to the wire fraud, Count 8, that the defendant

22   devised or intended to devise a scheme to defraud or to

23   obtain money or property by means of false or fraudulent

24   pretenses, representations, or promises that were

25   material.  And that for purposes of executing the scheme,

1    the defendant transmitted or caused to be transmitted by

2    means of wire, radio, or television communications in

3    interstate or foreign commerce any writings, signs,

4    signals, pictures, or sounds.  And that particular offense

5    is -- those are the elements for wire fraud.  Do you feel

6    like you understand the elements the Government would have

7    to prove for wire fraud?

8              **THE DEFENDANT:**  Yes, I do, Your Honor.

9              **THE COURT:**  Then for filing of an income tax

10   return, the elements are the taxpayer, which is here the

11   defendant, made and subscribed to a return that was false

12   in a material manner; that the return or other document

13   contained a written declaration that was made under

14   penalty of perjury; that the taxpayer did not believe the

15   return was true and correct as to every material matter;

16   and finally, the taxpayer signed the document willfully

17   and with specific intent to violate the law.

18              Do you feel like you understand the elements the

19   Government would have to prove for Count 17, filing of a

20   false income tax return?

21             **THE DEFENDANT:**  Yes, I do, Your Honor.

22             **THE COURT:**  I do find that the defendant

23   comprehends and understands the nature of the charges

24   against him and generally what elements the Government

25   would have to prove if a trial were held.

1          Now, let me state the maximum punishment for

2    each of these.  For the wire fraud, a maximum punishment

3    up to 20 years, a fine up to $250,000, supervised release

4    for not greater than three years, special assessment of

5    $100.

6          And as to Count 17, filing a false income tax

7    return, imprisonment for no greater than three years; a

8    fine of up to $250,000 or greater of twice the gross gain

9    or twice the gross of loss of the offense, whichever is

10   greater; supervised release for not greater than one year;

11   and special assessment of $100.

12         Now, Mr. Ramaci, if you plead guilty or if you

13   went to trial and were convicted by a jury, it becomes my

14   responsibility to impose an appropriate sentence.  I'm

15   required to consider the sentencing guidelines of the

16   United States Sentencing Commission and various federal

17   statutes relating to sentencing.  Have you and your

18   attorneys had a chance to discuss those guidelines and

19   statutes and how they may affect your sentence?

20         THE DEFENDANT:  Yes, we have, Your Honor.

21         THE COURT:  Do you understand that I will not be

22   sentencing you here today?  We will have a later

23   sentencing hearing?  Do you understand that?

24         THE DEFENDANT:  Yes, I do, Your Honor.

25         THE COURT:  Do you understand that the sentence

1    imposed by this Court may be different from any estimate

2    your attorneys may have provided you?  Do you understand

3    that?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  And do you understand if the

6    sentence is more severe than you expected, you will not

7    have a right to withdraw your guilty plea?  Do you

8    understand that, sir?

9              THE DEFENDANT:  Yes, I do, Your Honor.

10             THE COURT:  Do you understand that under some

11   circumstances, you or the Government may have a right to

12   appeal a sentence I impose?  Do you understand that?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  Now, as part of your plea agreement,

15   there is a partial waiver of some of your appeal rights.

16   When we go through your plea agreement, I will highlight

17   that to you so you will fully understand what appeal --

18   appellate and post-conviction rights you retain and which

19   ones you would be waiving by your plea agreement.

20             If there's any period of incarceration,

21   following that period of incarceration, we have something

22   in federal court called supervised release.  And under

23   supervised release, a defendant is required to maintain

24   certain standards of behavior.  And if he doesn't maintain

25   those standards of behavior, he can be sent back to

1  prison.  Do you understand that?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  And also, to the extent a defendant

4  receives a sentence of probation, if the defendant does

5  not maintain certain standards of behavior, he can be sent

6  to prison.  Do you understand that, sir?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  Now, Mr. Ramaci, are you pleading

9  guilty of your own free will because you are guilty?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  Has anyone threatened you or forced

12  you in any way to plead guilty?

13          THE DEFENDANT:  No, sir.

14          THE COURT:  Has anyone promised you a specific

15  jail sentence?

16          THE DEFENDANT:  No, Your Honor.

17          THE COURT:  I'm going to ask Ms. Bower to

18  summarize in open court the elements, the basic provisions

19  of your plea agreement.  I want you to listen carefully

20  because I'm going to come back to you and ask you is that

21  consistent with your understanding of your plea agreement.

22          Ms. Bower?

23          MS. BOWER:  Thank you, Your Honor.

24          Paragraph 1 of the plea agreement sets forth the

25  two counts that Mr. Ramaci is pleading guilty to.

1    Specifically, it sets forth that he's pleading guilty to

2    Count 8, which is a wire fraud allegation, and Count 17,

3    which alleges an allegation of filing a false individual

4    tax return.  And Paragraph 1 further sets forth the

5    elements and penalties of each of those counts which this

6    Court has just gone over with the defendant this

7    afternoon.

8         Paragraph 2, Your Honor, sets forth that the

9    defendant understands the monetary penalties associated

10   with this plea, and that these monetary penalties include

11   restitution.  Specifically, pertaining to the restitution,

12   the defendant agrees to make full restitution under 18,

13   United States Code, Section 3556 in an amount to be

14   determined by the Court.  This includes restitution for

15   taxes due and owing for the calendar years 2017 to 2021.

16   And it is not limited to the counts the defendant has pled

17   guilty to.

18        It further sets forth that in addition to the

19   restitution that may be ordered by the Court, the

20   defendant also agrees to pay additional restitution for

21   conduct that he is not pleading guilty to in an amount of

22   one million, nine dollars, six hundred eighty -- six

23   hundred eighty-four dollars and zero cents.  The

24   Government agrees that it will not ask for a figure in

25   excess of this agreed figure of additional restitution.

1          Paragraph 3 sets forth that provided the

2    defendant complies with the terms of plea agreement, the

3    United States agrees to dismiss the remaining counts of

4    the superseding indictment and the initial indictment at

5    sentencing.  But that the defendant understands these

6    dismissed counts could be considered relevant conduct.

7    And further, that if the defendant complies with the terms

8    of this plea agreement, that the United States agrees to

9    not prosecute or bring additional charges against the

10   defendant for any offenses arising out of or related to

11   the superseding indictment.

12         Paragraph 4 sets forth that the obligations of

13   the Government are contingent on the defendant abiding by

14   state and federal laws and complying with any bond in this

15   case.

16         Paragraph 5 sets forth that the defendant agrees

17   to be fully truthful and forthright with law enforcement.

18   That he understands that if he is not, the obligations of

19   the Government can become null and void, but that the

20   defendant is not permitted to withdraw his plea.  And all

21   charges known to the Government can be brought.  And the

22   Government will argue for the maximum sentence.

23         Paragraph 6 sets forth that the Government

24   agrees that any self-incriminating information provided by

25   the defendant from any cooperation that he gives will not

1  be used against the defendant in determining the

2  defendant's guideline range for sentencing.

3       Paragraph 7 sets forth that if the Government --

4  if the defendant cooperates pursuant to the terms of the

5  plea agreement, and that cooperation is determined to be

6  substantial assistance by the Government, the Government

7  agrees to file a motion pursuant to Section 5K of the

8  United States Sentencing Commission Guidelines or Rule 35

9  of the Federal Rules of Criminal Procedure.

10      Paragraph 8 is the first forfeiture provision of

11  the plea agreement.  And it sets forth that the defendant

12  agrees to voluntarily surrender and not contest the

13  forfeiture of property that is identified in the

14  indictment or of a money judgment in an amount to be

15  determined by the Court that represents the gross proceeds

16  of the offenses of conviction.  Specifically, Your Honor,

17  the defendant has agreed to voluntarily surrender an Alfa

18  Romeo vehicle that has been seized and is set forth in the

19  plea agreement.

20      Paragraph 9 is the continued forfeiture

21  provision of the plea agreement.  And it sets forth that

22  the defendant agrees to transfer the title and right to

23  the property that he has agreed to forfeit.

24      Your Honor, Paragraph 10 is the stipulation

25  paragraph of this plea agreement.  And at the outset, it

1    states that the defendant understands that these

2    stipulations are not binding on the Court or the United

3    States Probation Office.  And should the Court not accept

4    them, the defendant has no right to withdraw his plea.

5    Further, the defendant understands that the stipulations

6    are binding on the Government only in the event that the

7    defendant complies with all the terms of the plea

8    agreement and does not contest the stipulations.

9         Those two stipulations are as follows.  For the

10   purpose of calculating the defendant's sentence, pursuant

11   to the United States Sentencing Commission Guidelines, the

12   loss attributable to the defendant for the conduct set

13   forth in Counts 8 through 13 of the superseding indictment

14   is $214,340.

15        **THE COURT:**  That's the wire fraud count?

16        **MS. BOWER:**  Yes, Your Honor.

17        The second stipulation, which is set forth if

18   Subpart B of that Paragraph 10, sets forth that pursuant

19   to Section 2T1.1 and 2T4.1 of the United States Sentencing

20   Commission Guidelines, that the Government agrees that

21   defendant's tax loss does not exceed $289,531.

22        **THE COURT:**  And just for consistency, that is

23   the failure to file tax?

24        **MS. BOWER:**  Your Honor, that is the tax loss for

25   all of the tax counts that could be considered relevant

1   conduct.

2          THE COURT:  Very good.  Thank you.

3          MS. BOWER:  Your Honor, Paragraph 11 sets forth

4   that if the defendant complies with the terms of the plea

5   agreement, the Government agrees to not recommend a

6   sentence in excess of 24 months irrespective of any fines,

7   penalties, or forfeiture, and also irrespective of the

8   appropriate supervised release.  The defendant understands

9   that this agreement of the Government is not binding on

10  the Court or the United States Probation Office.  And

11  should the Court not accept the Government's

12  recommendation, the defendant has no right to withdraw his

13  plea.  And that he also understands that this agreement of

14  the Government is -- the Government is only bound by this

15  if the defendant complies with all the terms of the plea

16  agreement.

17         THE COURT:  Ms. Bower, has the US Attorney's

18  Office and the defense counsel reached some kind of

19  understanding what they think the guideline range is?

20         MS. BOWER:  Your Honor, I'll represent to you

21  that this Paragraph 11 is based on my office and my

22  understanding, along with the defense counsel, of what the

23  guidelines would be for the offenses that he has pled

24  guilty to.

25         THE COURT:  Okay.

1    **MS. BOWER:** Both relevant conduct for both

2    offenses.

3    **THE COURT:** So I know it hadn't been done yet,

4    so we don't know final. But what you're saying is that's

5    everyone's best understanding at this point?

6    **MS. BOWER:** Yes, Your Honor. And so -- and what

7    I would represent, as I've been very clear to Mr. Griffith

8    and Mr. Theos, and I trust that they've told their client,

9    that that is just my evaluation and that would not be

10    binding on the Court or probation. But based on the

11    numbers that we discussed, I believe that that is the high

12    end -- 24 months is the high end of the guidelines for

13    what he has pled guilty.

14    **THE COURT:** Very good. Please continue.

15    **MS. BOWER:** Paragraph 12 sets forth that the

16    defendant has met with his attorney on a sufficient number

17    of occasions.

18    Your Honor, Paragraph 13 is the partial

19    appellate waiver that you mentioned to the defendant

20    earlier in this hearing. In its entirety, it sets forth

21    that the defendant is aware that 18, United States Code,

22    Section 3742 and 28 USC Section 2255 afford every

23    defendant certain rights to contest a conviction or a

24    sentence. Acknowledging these rights, the defendant in

25    exchange for the concessions made by the Government in

1    this plea agreement, waives the right to contest either

2    the conviction or the sentence in any direct appeal or

3    other post-conviction action, including any proceedings

4    under 28 USC Section 2255.  This waiver does not apply to

5    claims of ineffective assistance of counsel, prosecutorial

6    misconduct, or future changes in the law that affect the

7    defendant's sentence.  This agreement does not affect the

8    rights or obligations of the Government as set forth in 18

9    USC Section 3742(b), nor does it limit the Government in

10   its comments or responses to any post-sentencing matters.

11          THE COURT:  Mr. Ramaci, let me highlight this

12   particular provision.  I referred to it earlier when we

13   were discussing the plea agreement.

14          Every defendant has a right to file an appeal

15   regarding his conviction and/or his sentence, or otherwise

16   pursue post-conviction relief, even those who plead

17   guilty.  You are agreeing to partially waive those rights

18   as part of this plea agreement.  You retain the right to

19   assert relief after pleading guilty for -- either by

20   appeal or by post-conviction action regarding ineffective

21   assistance of counsel, prosecutorial misconduct, or a

22   change in the law that affects the lawfulness of your

23   sentence.  Other than that, you're waiving your appeal and

24   post-conviction rights.  Do you understand that, sir?

25          THE DEFENDANT:  Yes, I do, Your Honor.

1          **THE COURT:**  Very good.

2          Ms. Bower, please continue.

3          **MS. BOWER:**  Yes, sir.  Paragraph 14 sets forth

4    that the defendant waives the right to request certain

5    records that he would be entitled to request under the

6    Freedom of Information Act or the Privacy Act of 1974.

7          And finally, Your Honor, Paragraph 15 sets forth

8    that this plea agreement contains the entire agreement of

9    the parties.

10          **THE COURT:**  Very good.  Mr. Ramaci, you've heard

11    the summary provided by the Assistant United States

12    Attorney.  Is that consistent with your understanding of

13    your plea agreement?

14          **THE DEFENDANT:**  Yes, it is, Your Honor.

15          **THE COURT:**  Very good.  Now I'm going to ask

16    Ms. Bower to summarize the evidence the Government would

17    offer if a trial were held in this case.  Now, it's very

18    important for you to listen because I'm going to come back

19    to you and ask you do you dispute any of those facts.  So

20    listen carefully.

21          Ms. Bower?

22          **MS. BOWER:**  Thank you, Your Honor.  The

23    defendant, Jonathan Ramaci, was the Founder and Chief

24    Executive Officer of Elements of Genius, which was a

25    Delaware corporation that was headquartered in Charleston,

1    South Carolina.

2         Elements of Genius was developing a wearable

3    smart health device called The Wellness.  And as part of

4    that development, there was a board of directors formed --

5    a board of directors was formed and investor funds were

6    raised.

7         The evidence that the Government would have

8    introduced at trial pertaining to Count 8 of the

9    superseding indictment is as follows.  In March of 2020,

10   Congress enacted the Coronavirus Aid Relief and Economic

11   Security Act, also known as the CARES Act, to help

12   businesses impacted by COVID-19 to continue paying their

13   employees.  Pursuant to the CARES Act, there were two

14   sources of relief.  One was through a program called the

15   Paycheck Protection Program.  And the second was through

16   the Emergency Injury Disaster Loan program, also known as

17   an EIDL loan.

18        The CARES Act also authorized Small Business

19   Administration to issue emergency advances, which were

20   sometimes referred to as grants, of up to $10,000

21   depending on the number of employees a small business

22   employed.

23        When determining the amount of an EIDL loan to

24   issue to an applicant, the SBA relied on the information

25   provided by the applicant pertaining to the company's

1   gross revenue and cost of goods sold for the 12-month

2   period preceding the COVID-19 pandemic.  The applicant

3   certified under penalty of perjury when submitting an

4   application that all information supplied on the

5   application was true and correct.

6          On or about April 2020, the defendant submitted

7   an EIDL loan application to the SBA on behalf of Elements

8   of Genius.  On this application, the defendant represented

9   that Elements of Genius had $995,000 in gross revenues and

10  $600,000 in cost of goods sold for the year 2019.  The

11  defendant knew this was false information when he

12  submitted his application because in 2019 The Wellness

13  devise had not yet been manufactured.  And as a result,

14  Elements of Genius had no revenue or cost of goods sold.

15         As a result of the material misrepresentations

16  made by the defendant, the SBA funded an EIDL loan in the

17  amount of $149,900.  It was deposited into Elements of

18  Genius' Wells Fargo bank account ending in 1069.

19         At trial, the Government would have introduced

20  evidence that showed that through the defendant's scheme

21  to defraud both the SBA and the SBA's third-party lenders,

22  the defendant received based on material

23  misrepresentations $214,340 in PPP and EIDL loans as well

24  as grants or advances.

25         The evidence that the Government would have

1    introduced at trial pertaining to Count 17 of the

2    superseding indictment is as follows.  In the tax year

3    2021, the defendant filed a return with the IRS on or

4    about March 2nd, 2022, that contained a written

5    declaration that it was made under the penalty of perjury.

6    On the defendant's 2021 tax return, there were false

7    statements as to material matters.

8            Specifically, on the Form 1040 that the

9    defendant submitted with his 2021 return, the defendant

10   did not accurately report his income.  In 2021, the

11   defendant claimed $41,000 in taxable income.  However, the

12   evidence that the Government would have introduced at

13   trial would have revealed that his income for the tax year

14   2021 exceeded the amount that he reported to the IRS.

15           The income that the defendant failed to report

16   included money that he sent from Elements of Genius to a

17   single-member LLC he controlled which was named Mobile

18   Life Labs.  The evidence would have shown that the

19   expenses out of Mobile Life Lab's bank account were purely

20   personal in nature, and as a result were reportable

21   income.  Moreover, the defendant paid other personal

22   expenses directly out of Elements of Genius' bank account,

23   for example, his personal residence rent, which was income

24   that should have been reported on his 2021 tax return.

25           The Government also would have introduced

1    evidence at trial that would have revealed that the

2    defendant did not believe what he reported on his 2021

3    return was true.  And further, that his failure to

4    accurately report it was done willfully.  Specifically, in

5    previous and subsequent years, the defendant had filed tax

6    returns that accurately reflected his income.

7            In addition, the defendant controlled and was

8    the only person with access to the bank account for

9    Elements of Genius where the personal expenses were being

10   paid out of and where the money was being sent from.

11           Further, the defendant controlled Mobile Life

12   Lab's bank account where the money was being sent to,

13   which was an LLC and not his personal bank account.

14           The evidence that the Government would have

15   introduced at trial pertaining to the tax charges against

16   the defendant would have proven that the tax loss that the

17   defendant has caused the IRS in the tax years 2017 to 2021

18   is in an amount of $289,531 but does not exceed that.

19           Thank you, Your Honor.

20           **THE COURT:**  Thank you.

21           Okay.  Mr. Ramaci, you've heard the summary

22   provided by the Assistant United States Attorney.  Do you

23   dispute any of those facts?

24           **THE DEFENDANT:**  No, I do not, Your Honor.

25           **THE COURT:**  Are you telling me under oath that

1    factual summary is accurate?

2            THE DEFENDANT:  Yes, I am, Your Honor.

3            THE COURT:  Okay.

4            It is the finding of the Court in the case of

5    United States vs. Jonathan Ramici that the defendant is

6    fully competent and capable of entering an informed plea.

7    That the defendant is aware of the nature of the charges

8    and the consequence of the plea.  And that a plea of

9    guilty is a knowing and voluntary plea supported by an

10   independent basis in fact containing each of the essential

11   elements of the offense.  The plea is therefore accepted

12   and the defendant is now adjudged guilty of the offense.

13           And Mr. Griffith, if you would approach,

14   Ms. Perry will hand you a guilty plea for Mr. Ramaci's

15   signature.

16           (WHEREUPON, the defendant signed the plea.)

17           THE COURT:  Government have any objection to the

18   continuation of bond?

19           MS. BOWER:  Your Honor, the Government does not

20   object to the continuation of bond.  However, the

21   Government would request that this Court order that he not

22   be allowed to travel internationally.  During the pendency

23   of this action since the original indictment, he has made

24   I think one request to go to Italy for a significant

25   period of time.  He is a dual citizen of Italy and the

1    United States.  Judge Cherry granted that.  But it's the

2    Government's position that we are now in a change of

3    circumstances since he's now entered a guilty plea.  And

4    we would request that this Court order that he not be

5    allowed to travel internationally while he awaits the

6    sentence.

7            THE COURT:  Mr. Griffith, what's the defendant's

8    response?

9            MR. GRIFFITH:  Well, of course, Your Honor, we

10   would oppose that respectfully.  But he has showed up to

11   every hearing that he's been required to.  He's traveled

12   previously as she alluded to and came back with no

13   problem.  We don't think it's necessary.  You know, we

14   haven't made any requests at this point but --

15           THE COURT:  There are no plans to travel?

16           MR. GRIFFITH:  Not specifically at this point.

17   But at the very least, Your Honor, I would ask that we

18   have the right to come to the Court with a motion if

19   travel -- if he believes that travel -- international

20   travel is necessary in the future.

21           THE COURT:  Well, whatever I do, you always have

22   a right to come to me, Mr. Griffith.

23           MR. GRIFFITH:  Thank you, Your Honor.

24           THE COURT:  So you don't need to ask me for

25   that.  I'm going to grant the Government's request that

1   there be no further international travel throughout the

2   pendency of this.  And I'm going to ask the probation to

3   take custody of his passport.

4           MS. BOWER:  Thank you, Your Honor.

5           THE COURT:  Anything further?

6           MS. BOWER:  Nothing from the Government.

7           THE COURT:  Anything from defense?

8        MR. GRIFFITH:  No, Your Honor, other than point

9   out we believe that probation already has his passport.

10          THE COURT:  Well, he couldn't travel anyway,

11  could he?

12          MR. GRIFFITH:  Not without permission.

13          THE COURT:  So before when he traveled, he

14  retrieved his passport for purposes of the trip and then

15  returned it?

16          MR. GRIFFITH:  Yes, Your Honor.

17          THE COURT:  Okay.  Very good.  I wasn't aware of

18  it because I wasn't asked to approve it.  I would have

19  otherwise been aware.

20          Anything further?

21          MS. BOWER:  None from the Government, Your

22  Honor.

23          THE COURT:  Mr. Ramaci, probation is going to be

24  repairing a Presentence Report.  The probation officer

25  works for me, doesn't work for the prosecutor.  And I

1   don't think you have a significant criminal past.  And I

2   want to know more about you, sir, so I can make an

3   informed and fair judgment as to appropriate sentence.

4   Okay?

5            **THE DEFENDANT:**  Thank you, Your Honor.

6            **THE COURT:**  Very good.  This hearing is

7   adjourned.

8            **MS. BOWER:**  Thank you, Your Honor.

9            **MR. GRIFFITH:**  Thank you, Judge.

10       (WHEREUPON, court was adjourned at 2:05 PM.)

11                          * * *

12   I certify that the foregoing is a correct transcript from

13   the record of proceedings in the above-entitled matter.

14     s/Karen E. Martin                    5/9/2024
     _____      _____

15   Karen E. Martin, RMR, CRR            Date

16

17

18

19

20

21

22

23

24

25