IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 2:22-cr-00993-RMG |
| | ) |
| v. | ) |
| | ) |
| JONATHAN RAMACI | ) |

## **PRELIMINARY ORDER OF FORFEITURE AS TO JONATHAN RAMACI**

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Jonathan Ramaci ("Ramaci", "Defendant"), based upon the following:

1. On January 10, 2024, a Superseding Indictment ("Indictment") was filed charging Ramaci with:

| | |
|---|---|
| Counts 1-10: | Wire fraud, in violation of 18 U.S.C. § 1343; |
| Counts 11-13: | Wire fraud and attempted wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349; |
| Count 14: | Money laundering, in violation of 18 U.S.C. § 1957; |
| Counts 15-17: | Filing a false individual income tax return, in violation of 26 U.S.C. § 7206; |
| Counts 18-19: | Failure to file an individual income tax return, in violation of 26 U.S.C. § 7203; and |
| Counts 20-24: | Failure to file a corporate income tax return, in violation of 26 U.S.C. § 7203. |

2.  Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Ramaci's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States.  As specified therein, such assets include, but are not limited to the following:

A.  Proceeds/Forfeiture Judgment[1]:

A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in the Superseding Indictment, that is, a minimum of approximately $851,461.00 in United States currency, and all interest and proceeds traceable thereto, and/or such sum that equals all property which constitutes or is derived from proceeds traceable to his violations of 18 U.S.C. §§ 1343 and 1349.

B.  Money Laundering /Forfeiture Judgment:

A sum of money equal to all property involved in the money laundering offense charged in the Superseding Indictment, and all interest and proceeds traceable thereto, for which the Defendant is liable as the result of his violation of 18 U.S.C. § 1957.

C.  Vehicle[2]:

2017 Alfa Romeo Giulia
VIN: ZARFAECN7H7555208
Asset ID: 23-FBI-000900

---

[1] The government is pursuing a $214,340.00 forfeiture judgment which is the loss amount attributed to the Defendant for the wire fraud offense.

[2] The 2017 Alfa Romeo Giulia has been administratively forfeited.

3. On April 25, 2024, Ramaci pled guilty to one count of wire fraud and one count of filing a false individual tax return, and pursuant to a written plea agreement, agreed to forfeiture.

4. Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all rights, title, and interest of the Defendant, Jonathan Ramaci, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law.

2. FORFEITURE IS ORDERED against Ramaci and in favor of the United States for $214,340.00. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property to satisfy the forfeiture judgment.

3. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed forfeiture judgment.

4. Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5. The government is not required to publish notice regarding the personal forfeiture judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6. Upon entry of the criminal judgment, this Order becomes final as to Defendant and shall be made a part of the sentence and included in the criminal judgment.

7. The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

s/ Richard Mark Gergel
RICHARD M. GERGEL
UNITED STATES DISTRICT JUDGE

May 28, 2024
Charleston, South Carolina